92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benjamin AUSTIN; Vickie Austin, Co-Administrators of the
Estate of Zachary Allen Austin, deceased,
Plaintiffs-Appellants,
v.
CHILDREN'S HOSPITAL MEDICAL CENTER; Susan Hall, Defendants-Appellees,
Xavier University, Defendant.
 No. 95-3880.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1996.
 
 Before: MERRITT, Chief Judge; BROWN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this diversity action, plaintiffs Benjamin and Vickie Austin allege that Children's Hospital Medical Center ("CHMC") and Susan Hall negligently exposed plaintiffs' son Zachary to a viral infection which resulted in Zachary's death. Plaintiffs appeal from the grant of summary judgment dismissing their cause of action. We conclude that plaintiffs failed to create a triable issue of fact on the issue of causation and AFFIRM the dismissal.
 
 BACKGROUND
 
 2
 Zachary Austin was born on November 11, 1990, in Alabama. Shortly after birth, Zachary was diagnosed with beta thalassemia major, a blood disorder which inhibits the production of red blood cells. The Austins elected to have Zachary undergo a bone marrow transplant at CHMC in Cincinnati. Zachary was admitted to CHMC on February 12, 1992, and the transplant was performed on February 28, 1992.
 
 
 3
 After the procedure, Zachary was placed in an isolation room. On March 10, 1992, Susan Hall, a student nurse from Xavier University, entered Zachary's room wearing a mask. Hall indicated at the time that she had a scratchy throat. Later that same day, Hall reentered Zachary's room to attend to Zachary, this time without a mask. Hall went home early that day with a fever.
 
 
 4
 Zachary subsequently developed signs of an infection. Cultures taken on March 13, 1992, tested positive for adenovirus. Zachary was treated for his adenovirus infection and discharged from CHMC. After traveling to his home in Alabama, Zachary had to be rehospitalized. Zachary died of a viral infection on May 17, 1992.
 
 
 5
 Plaintiffs, residents of Alabama, filed this action in federal district court in May 1993 alleging wrongful death under Ohio law. The initial named defendants were CHMC, Susan Hall, and Xavier University; plaintiffs subsequently settled with Xavier University. Diversity jurisdiction was proper pursuant to 28 U.S.C. § 1332. Defendants moved for summary judgment. Plaintiffs opposed, submitting the affidavit of Dr. Raff, a board certified physician in infectious diseases and Chief of the Section of Infectious Diseases at the University of Louisville School of Medicine. The district court granted summary judgment on the grounds that plaintiffs had failed to establish the cause or source of Zachary's infection. Plaintiffs timely appealed.
 
 ANALYSIS
 
 6
 We review the grant of summary judgment de novo, applying the same test as the district court. Ayoub v. National R.R. Passenger Corp., 76 F.2d 794, 795 (6th Cir.1996). Summary judgment is proper if the record, when viewed in the light most favorable to the nonmoving party, reveals that there are no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Maldonado v. National Acme Co., 73 F.3d 642, 644 (6th Cir.1996).
 
 
 7
 To establish medical malpractice under Ohio law, the plaintiff must establish: (1) the existence of a standard of care within the medical community; (2) a breach of the standard of care by the defendant; (3) injury; and (4) direct and proximate causation. Littleton v. Good Samaritan Hosp. & Health Ctr., 529 N.E.2d 449 (Ohio 1988).
 
 
 8
 In the case at bar, plaintiffs introduced the affidavit of their expert witness, Dr. Raff, to establish the necessary elements of their wrongful death claim. Dr. Raff's affidavit on the issue of causation may be summarized as follows. Decedent tested negative for adenovirus antibodies indicating that he had not been exposed to adenovirus as of February 5, 1992. Decedent was shedding adenovirus and was febrile within three days of exposure to Susan Hall, the only person with symptomatic illness known to have been in contact with decedent. Based upon his education, training and experience, and his review of the record, Dr. Raff concluded that it was probable that decedent contracted the adenovirus from Susan Hall on March 10, 1992. Plaintiffs assert that Dr. Raff's affidavit creates a material issue of fact with respect to causation.
 
 
 9
 A plaintiff may not escape summary judgment merely by producing an expert witness. "If a court concludes that the evidence supporting the expert's position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, then the court remains free to prohibit the case from proceeding to the jury." Glaser v. Thompson Medical Co., 32 F.3d 969, 972 (6th Cir.1994) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 113 S.Ct. 2786, 2798 (1993)). Although courts should be careful to respect scientific opinion, nevertheless courts apply a "hard look" to the reasoning of qualified scientific opinions to determine whether a triable issue has been created. Turpin v. Merrell Dow Pharmaceuticals, Inc., 959 F.2d 1349, 1252-53 (6th Cir.) (cited with approval in Daubert, 113 S.Ct. at 2798), cert. denied, 506 U.S. 826 (1992); Glaser, 32 F.3d at 972. Of course, an expert opinion which is conclusory and fails to set forth the underlying rationale is not adequate. Turpin, 959 F.2d at 1360.
 
 
 10
 Dr. Raff's affidavit suffers from numerous flaws. First, Dr. Raff states only that Hall's symptoms were "consistent" with an adenovirus. He fails to identify the basis for his subsequent conclusion that Hall in fact had adenovirus and not another ailment such as a fungal or bacterial infection. See Conde v. Velsicol Chem. Corp., 24 F.3d 809, 814 (6th Cir.1994) (holding insufficient showing of causation where testimony stated only that the symptoms were consistent with chlordane exposure without excluding other possible causes). Further, defendants introduced evidence that there are forty-two different recognized serotypes of adenoviruses, and that adenoviruses are ubiquitous and may be carried by individuals who are asymptomatic. Dr. Raff does not give his reasons for concluding that Zachary had the same serotype of adenovirus that Hall allegedly had, nor does he explain why he excluded the myriad of other potential sources of the adenovirus which infected Zachary. Cf. Glaser, 32 F.3d at 977-78 (holding expert testimony sufficient where expert engaged in differential diagnosis to reach his conclusion).
 
 
 11
 Indeed, the only identifiable reason for Dr. Raff's opinion appears to be post hoc, ergo propter hoc. This alone is not sufficient to create a material issue of causation. Abbott v. Federal Forge, Inc., 912 F.2d 867, 875 (6th Cir.1990); Hasler v. United States, 718 F.2d 202, 205 (6th Cir.1983), cert. denied, 469 U.S. 817 (1984).
 
 
 12
 We do not doubt that it is possible for Hall to have been the one to infect Zachary. Without evidence that this was more likely than not the case, however, the mere possibility of infection is not sufficient to avoid summary judgment. Hasler, 718 F.2d at 205 ("While an antibody antigen reaction can cause rheumatoid arthritis, there is no showing that it did cause the plaintiff's disease in this case.").
 
 CONCLUSION
 
 13
 The grant of summary judgment dismissing plaintiffs' wrongful death suit is AFFIRMED.